# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:12-cv-00245-MR-DLH

| | |
|---|---|
| RAMESH K. GANATRA and<br>PAMELA S. GANATRA,<br><br>        Plaintiffs,<br><br>vs.<br><br>L. JOSEPH LAND and STUART L.<br>CASS,<br><br>        Defendants. | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiffs' Motion for Default Judgment against L. Joseph Land and for Summary Judgment against Stuart L. Cass. [Doc. 18].

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In September 2006, the Plaintiffs Ramesh K. Ganatra and Pamela S. Ganatra ("the Plaintiffs") agreed to sell a parcel of real property located in Buncombe County, North Carolina ("the Property") to Azalea Woods, LLC ("Azalea Woods"). As part of this transaction, the Plaintiffs agreed to transfer the Property to Azalea Woods in exchange for a certain amount in

down payment and Azalea Woods' execution of a purchase money promissory note for the balance of the purchase price. The Note was to be secured by a purchase money deed of trust encumbering the Property. Azalea Woods' debt was to be secured by the personal guaranties of the Defendants L. Joseph Land ("Land") and Stuart L. Cass ("Cass") (collectively "the Defendants").

Pursuant to the parties' agreement, Azalea Woods executed a "Balance Purchase Money Promissory Note" and a "Balance Purchase Money Deed of Trust" on September 22, 2006. [Doc. 1 at ¶5; Doc. 19-1; Doc. 19-2]. The Defendants executed a Guaranty Agreement guaranteeing the debt of Azalea Woods [Doc. 1 at ¶6; Doc. 19-4]. The Plaintiffs executed a Warranty Deed conveying the Property to Azalea Woods. [Doc. 19-3]. The Purchase Money Deed of Trust and Warranty Deed were recorded in the Buncombe County, North Carolina Registry on September 28, 2006.

The Property was also encumbered by a first deed of trust held by the National Bank of South Carolina ("NBSC"). Eventually, Azalea Woods defaulted on its obligations to both NBSC and the Plaintiffs. Following Azalea Woods' default, NBSC's successors in interest foreclosed on the

Property. [Doc. 19-5]. The final Notice of Foreclosure was recorded on January 25, 2012. [Id.].

On August 13, 2012, the Plaintiffs instituted this action against the Defendants as guarantors of Azalea Woods' debt. [Doc. 1]. Cass filed an Answer to the Complaint on October 8, 2012. [Doc. 7]. The Clerk made an entry of default against Land on November 26, 2012. [Doc. 11]. Thereafter, the Court entered a Pretrial Order and Case Management Plan setting a dispositive motions deadline of July 1, 2013. [Doc. 15]. On July 1, 2013, the Plaintiffs filed the present motion, seeking the entry of a default judgment against Land and the entry of summary judgment against Cass. [Doc. 18].

On July 10, 2013, Cass filed a Response opposing the Plaintiffs' motion, arguing that their claim is barred by North Carolina's antideficiency statute, N.C. Gen. Stat. § 45-21.38. [Doc. 19]. In his Response, Cass requests the Court enter summary judgment against the Plaintiffs and in his favor pursuant to Rule 56(f)(1) of the Federal Rules of Civil Procedure. [Id.]. In a Notice filed July 17, 2013, the Plaintiffs indicated that they did not intend to file a reply brief, admitting that upon review Cass's "analysis of the applicable North Carolina law appears to be sound." [Doc. 20 at 1].

Having been fully briefed, this matter is ripe for review.

## II. THE SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering the facts for the purposes of a summary judgment motion, the Court must view the pleadings and materials presented in the light most favorable to the nonmoving party and must draw all reasonable inferences in the nonmoving party's favor. Adams v. Trustees of the Univ. of N.C.-Wilmington, 640 F.3d 550, 556 (4th Cir. 2011).

Rule 56 provides that upon the giving of notice and a reasonable time to respond, the Court may award summary judgment in favor of a nonmovant. See Fed. R. Civ. P. 56(f)(1). Where there is no genuine issue of material fact and a plaintiff's claim is barred as a matter of law, summary judgment under Rule 56(f)(1) is appropriate. See RBC Bank (USA) v. Chowdhury, No. 2:11cv16, 2012 WL 1229589, at *3 (W.D.N.C. Apr. 12, 2012).

## III. DISCUSSION

Plaintiffs' single count Complaint seeks recovery against the Defendants as guarantors under the terms of the Balance Purchase Money Promissory Note and the Guaranty Agreement. Plaintiffs' claim, however,

is barred by North Carolina's antideficiency statute, N.C. Gen. Stat. § 45-21.38, which provides as follows:

> In all sales of real property by mortgagees and/or trustees under powers of sale contained in any mortgage or deed of trust executed after February 6, 1933, or where judgment or decree is given for the foreclosure of any mortgage executed after February 6, 1933, to secure to the seller the payment of the balance of the purchase price of real property, the mortgagee or trustee or holder of the notes secured by such mortgage or deed of trust shall not be entitled to a deficiency judgment on account of such mortgage, deed of trust or obligation secured by the same . . . .

N.C. Gen. Stat. § 45-21.38. In enacting this statute, the North Carolina Legislature "intended to take away from creditors the option of suing upon the note in a purchase-money mortgage transaction." Ross Realty Co. v. First Citizens Bank & Trust Co., 296 N.C. 366, 373, 250 S.E.2d 271, 275 (1979). Accordingly, under North Carolina law, a "purchase money deed of trust creditor cannot bring an action on the note to recover the purchase price either before or after foreclosure, and is strictly limited to the property which was conveyed for purposes of securing the balance of the purchase price." Colson & Colson Construction Co. v. Maultsby, 103 N.C. App. 424, 430, 405 S.E.2d 779, 783 (citations omitted), disc. rev. denied, 330 N.C. 116, 409 S.E.2d 590 (1991). This rule is applicable to the holders of junior

purchase money deeds of trust even where the property securing the deed of trust has been foreclosed on by a creditor with priority. See Paynter v. Maggiolo, 105 N.C. App. 312, 314-15, 412 S.E.2d 691, 693 (1992). Similarly, guarantors of debt arising from purchase money transactions are protected by the antideficiency statute. See Adams v. Cooper, 340 N.C. 242, 243, 460 S.E.2d 120, 120-21 (1995) (holding that antideficiency statute bars action against guarantors of a purchase money note to recover the debt for the balance of the purchase price represented by the note).

Here, it is undisputed that the "Balance Purchase Money Promissory Note" is a purchase money note, i.e., a promissory note for the balance of the purchase price of the Property. Similarly, the "Balance Purchase Money Deed of Trust" is a deed of trust securing that purchase money debt. "Because the defendants' obligation to the plaintiff[s] arises out of a purchase money obligation for a part of the purchase price of real estate, the defendants are afforded the protection of the anti-deficiency statute." Adams, 340 N.C. at 244, 260 S.E.2d at 121. Accordingly, the Plaintiffs do not have a valid claim against Defendant Cass and therefore their Motion for Summary Judgment must be denied.

The Plaintiffs have indicated their lack of opposition to the Defendant's argument by conceding that the "Defendant's analysis of the

applicable North Carolina law appears to be sound." [Doc. 20 at 1]. In light of the Plaintiffs' acknowledgement of the Defendant's Response, in which he requests the entry of summary judgment in his favor, and their apparent lack of opposition thereto, the Court concludes that summary judgment in favor of Cass as the non-moving party is appropriate.

Because the Plaintiffs' action against Defendant Land is similarly barred, the Plaintiffs' motion for default judgment against this Defendant is denied, and this entire case is therefore dismissed.

## V. ORDER

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiffs' Motion for Default Judgment against L. Joseph Land and for Summary Judgment against Stuart L. Cass [Doc. 18] is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 56(f)(1) of the Federal Rules of Civil Procedure, summary judgment is hereby **GRANTED** in favor of the Defendant Stuart L. Cass.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

A Judgment consistent with this Memorandum of Decision and Order shall be entered contemporaneously herewith.

**IT IS SO ORDERED.**  Signed: August 12, 2013

Martin Reidinger
United States District Judge